[No. 11623.  Department Two.  March 20, 1914.]

L. L. HIGGINS, *Respondent*, v. PRODUCE DISTRIBUTORS COMPANY, *Appellant*.[1]

SALES—DELIVERY AND ACCEPTANCE — EVIDENCE — SUFFICIENCY. A finding that plaintiff sold a car of potatoes to the defendant is sustained by the evidence, where it appears that the defendant knew that the car was shipped upon plaintiff's understanding that defendant's representative, under due authority, had purchased it for delivery to defendant, who thereafter accepted it, and thereby ratified the sale.

SALES—ACTIONS FOR PRICE—PLEADING AND PROOF. Under an allegation of the sale of four cars of potatoes, the plaintiff may prove and recover for the sale of but one car.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 7, 1913, upon findings favorable to the plaintiff, in an action on contract, tried to the court.  Affirmed.

*Byers & Byers*, for appellant.

*James A. Snoddy*, for respondent.

MORRIS, J.—Respondent brought this action to recover the purchase price of four cars of potatoes, claimed to have been sold to appellant on August 16, 1912, at an agreed price of $717.36.  It was further alleged that, after the arrival of one of the cars, the appellant refused to accept the potatoes, and the respondent sold them for appellant's account, receiving the sum of $344.28, which was credited on the amount claimed to be due, and judgment demanded for the balance.

In its dealings with respondent, appellant acted through one Phillippi, and the lower court was not clear as to what was the contract under which respondent purchased the potatoes and shipped them to appellant, but reached the con-

[1]Reported in 139 Pac. 500.

clusion that appellant purchased the first car on the faith of his understanding with Phillippi as to what the contract was, and that the appellant was advised that this car was being loaded and shipped upon the faith of respondent's understanding of the arrangement; and that, knowing the contention of respondent as to the arrangement under which this car was shipped, it was received by appellant; but that, as to the remaining cars, respondent, before he shipped them, knew from the communications received from appellant that they would not be accepted except for sale on respondent's account. Judgment was accordingly given for $68.16, the difference between the agreed price as found by the court and the amount received by respondent. The appellant, being dissatisfied, has appealed.

No cross-appeal has been taken by respondent. We are, therefore, not concerned with the finding of the lower court as to the three cars last shipped, but only with the correctness of the finding that, as to the first car, there was a sale. We think there was, and that the lower court was right in so holding. Whether Phillippi was or was not authorized to buy potatoes, appellant knew that the first car was shipped upon respondent's understanding that Phillippi had, under due authority, purchased it for delivery to appellant and, knowing this, it accepted the car. There could be no such understanding after the arrival of the first car, because respondent is expressly informed to the contrary. So that, while it can be found that appellant ratified the purchase of the first car by Phillippi, even though he was acting without express authority, such ratification could not be found as to the remaining cars. Appellant contends that but one sale was alleged, and that all four cars were either purchased or not purchased, and for this reason it cannot be found that one car was purchased and three were not. It does not follow. The greater includes the less. One may allege the sale of four horses at one time under a given contract, but

prove only the sale of one horse, and that is what the lower court finds.

To treat the case further would be to recite the evidence which leads us to support the finding of the lower court. No good purpose would be served by so doing. The judgment is affirmed.

CROW, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.